IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02498-PAB-BNB

BRITTANY GARCIA,

Plaintiff,

v.

FINANCIAL CREDIT SERVICES,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This action was commenced on September 13, 2013, by the filing of a Complaint [Doc. # 1]. The Complaint alleges a violation of the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act. The defendant has moved to dismiss [Doc. # 13] arguing that the court lacks personal jurisdiction.

Plaintiff's counsel sought leave to withdraw on January 28, 2014, stating that the plaintiff has failed to respond to any of their attempts to contact her. Amended Motion to Withdraw [Doc. # 25] at ¶3. I set the Amended Motion to Withdraw for hearing on February 10, 2014, and I ordered the plaintiff to appear at that date and time, either in person or by telephone. Minute Order [Doc. # 27]. The plaintiff failed either to appear or to contact the court in any way. Order to Show Cause [Doc. # 30]. Consequently, I ordered the plaintiff to show cause, on or before February 24, 2014, why the action should not be dismissed for failure to comply with the minute order [Doc. # 27] requiring her to appear at the hearing on the motion to withdraw. Order to Show Cause [Doc. # 30] at p. 2. I cautioned the plaintiff that her failure to respond to the Order

to Show Cause would result in my recommendation that the action be dismissed. The plaintiff failed to respond to the Order to Show Cause.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

I respectfully RECOMMEND that the action be dismissed without prejudice pursuant to D.C.COLO.LCivR 41.1 for the plaintiff's failure to comply with the minute order [Doc. # 27]; failure to respond to the Order to Show Cause [Doc. # 30]; and failure to prosecute the action.[1]

Dated February 25, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).